IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CECILIA WILLIAMS,               § | |
| § | |
| Plaintiff,               § | |
| § | |
| v.               § | Civil Action No. 3:22-CV-1166-N |
| § | |
| APPLE HOMECARE MEDICAL   § | |
| SUPPLY, INC.,               § | |
| § | |
| Defendant.               § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Apple Homecare Medical Supply, Inc.'s ("Apple Homecare") motion to dismiss the amended complaint [14]. Because Plaintiff Cecilia Williams has pleaded the date of actual notice, the Court will not presume earlier receipt and accordingly denies the motion to dismiss.

### I. ORIGINS OF THE EMPLOYMENT DISPUTE

This case arises out of a dispute regarding Apple Homecare's termination of Williams in January 2020. Williams worked for Apple Homecare as a patient care coordinator from July 2018 until January 2020. Pl.'s Am. Compl. ¶ 10 [11]. Williams alleges that her colleagues harassed her through jokes, horseplay, teasing, and offensive language based on her race, religion, and age. *Id*. ¶ 13. She was forced to take part in holiday celebrations in violation of her religion and participate in trainings that her younger coworkers and coworkers of other races were not required to attend. *Id*. ¶ 17. Williams reported this discriminatory treatment to her supervisor, who did nothing to remedy the

ORDER – PAGE 1

situation. *Id*. ¶ 12. Williams alleges that Apple Homecare retaliated against her by terminating her for a pretextual reason. *Id*. ¶ 19.

Williams filed a charge of employment discrimination with the Equal Opportunity Commission ("EEOC") in February 2020. The EEOC issued a right to sue letter ("RTS letter") on February 17, 2022. Williams attempted to view the RTS through the EEOC's online portal on February 21, 2022 but could not access the file until February 26, 2022. She filed this suit on May 27, 2022, asserting claims of discrimination under Title VII of the Civil Rights Act of 1964[1] and the Age Discrimination in Employment Act of 1967.[2] Apple Homecare now moves to dismiss based on Williams' failure to file suit within the statutory 90-day period, which it argues expired on May 22, 2022.

## II. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw

---

[1] Codified at 42 U.S.C. § 2000e, *et seq*.
[2] Codified at 29 U.S.C. § 621, *et seq*.

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT DENIES THE MOTION TO DISMISS

Title VII prohibits employers from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Aggrieved parties pursuing civil claims must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) ("Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'") (citation omitted). If the EEOC dismisses this charge, it must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(e)(1). A plaintiff has 90 days from receipt of the RTS letter to file a lawsuit. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam). The

ORDER – PAGE 3

requirement that a plaintiff file a lawsuit within this 90-day period is "strictly construed." *Taylor*, 296 F.3d at 379. Courts presume a letter's receipt date only when the date of actual notice is either unknown or legitimately in dispute. *See id*. at 379–380.

Williams filed this suit within 90 days of receiving the RTS letter. Williams alleges that although the RTS was issued on February 17, 2022, she was unable to view the file due to a computer error until February 26, 2022. Pl.'s Am. Compl. ¶ 6. Apple Homecare argues that regardless of when Williams viewed the RTS through the EEOC portal, the Court should presume receipt on February 22, 2022, and dismiss the suit. Def.'s Mot. to Dismiss 4. The Court disagrees. The date of actual notice is not unknown or legitimately in dispute. *See Taylor*, 296 F.3d at 379–380. At this stage of litigation, the Court must accept the well-pleaded fact that Williams could not access the RTS on the EEOC portal due to computer error and construe the complaint in her favor. *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). Therefore, the Court infers that Williams had actual notice of the RTS Letter no earlier than February 26, 2022, and Williams filed her suit on the final day of the 90-day period on May 27, 2022. *See* FED. R. CIV. P. 6(a)(1)(A) & (C). Accordingly, the Court denies the motion to dismiss.

ORDER – PAGE 4

CONCLUSION

Because Williams filed her suit within 90 days of receiving actual notice of the RTS letter, the Court denies the motion to dismiss.³

Signed December 12, 2022.

David C. Godbey
Chief United States District Judge

---

³ Apple Homecare may renew its argument that the suit is untimely at the summary judgment stage if it discovers evidence that Williams received actual notice before February 26, 2022.

ORDER – PAGE 5